**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4458
_____

ALBERT J.L. AWUY; MARINA DEBORA SONDAKH;
HERTZLER SAMUEL B. AWUY; JOSHUA TIMOTHY J.A. AWUY,
                                                    Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                                    Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency Nos. A97-152-691, 692, 693 & 694)
Immigration Judge: Annie S. Garcy

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 19, 2010

Before:  McKEE, *Chief Judge*, HARDIMAN and COWEN *Circuit Judges*

(Opinion filed: June 1, 2010 )

_____

OPINION
_____

PER CURIAM

Petitioners seek review of an order of the Board of Immigration Appeals ("BIA")

denying their motion to reopen. For the reasons that follow, we will deny in part and dismiss in part the petition for review.

Petitioners Albert J.L. Awuy (hereinafter "Awuy"), his wife Marina Deborah Sondakh, and their two children, Hertzler Samuel B. Awuy and Joshua Timothy J.A. Awuy, all natives and citizens of Indonesia, entered the United States on travel visas in 1995. In 2003, they affirmatively sought asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), based on lead respondent Awuy's status as a Christian pastor. They were placed into removal proceedings and, on September 14, 2004, the IJ determined petitioners' asylum claim to be time-barred and denied their remaining claims for relief with the exception of their request for voluntary departure. The BIA affirmed the IJ's decision on December 29, 2004. Petitioners did not seek further review at that time nor did they depart the country.

On May 4, 2007, petitioners filed a motion to reopen pursuant to 8 C.F.R. § 1003.2 in order to seek adjustment of status and protection under the CAT. Petitioners sought to submit the following "new" evidence: (i) additional proof of their religious status; (ii) Awuy's pending I-360 petition to be classified as a special immigrant religious worker, filed on April 2, 2007; and (iii) proof of changed country conditions in Indonesia. Petitioners claimed that this evidence was not available at the time of their hearing. They further alleged that their rights to due process were violated by the ineffective assistance of prior counsel, both during the proceedings before the IJ and on appeal to the BIA, and

2

that this ineffectiveness provided a substantive basis for reopening.

The BIA denied petitioners' motion on September 4, 2007, concluding that petitioners' evidence of "changed circumstances" in Indonesia was not material and did not establish a prima facie entitlement to relief. With respect to petitioners' claims of ineffective assistance of counsel, the BIA held, among other things, that petitioners failed to demonstrate prejudice or due diligence. Finally, the BIA held that petitioners failed to demonstrate any exceptional circumstances sufficient to warrant the exercise of its limited discretion to consider a motion to reopen sua sponte pursuant to 8 C.F.R. § 1003.2(a).

We have jurisdiction over this petition for review pursuant to 8 U.S.C. § 1252. We review the BIA's denial of a motion to reopen for abuse of discretion. *See Liu v. Attorney Gen.*, 555 F.3d 145, 148 (3d Cir. 2009). Under this standard, we will uphold the BIA's decision unless it is "arbitrary, irrational, or contrary to law." *Sevoian v. Ashcroft*, 290 F.3d 166, 174 (3d Cir. 2002). We will affirm the BIA's factual findings if they are supported by "'reasonable, substantial, and probative evidence on the record considered as a whole.'" *Filja v. Gonzales*, 447 F.3d 241, 251 (3d Cir. 2006) (quoting *INS v. Elias-Zacarias*, 502 U.S. 478, 480 (1992)). We generally lack jurisdiction to review the BIA's decision not to exercise its discretion to sua sponte consider an untimely motion to reopen. *See Cruz v. Attorney Gen.*, 452 F.3d 240, 250 (3d Cir. 2006).

Petitioners' motion to reopen was clearly not filed within the requisite ninety-day period. *See* 8 C.F.R. § 1003.2(c)(2) (motion to reopen must be filed within 90 days of

3

entry of final administrative order of removal).  However, 8 C.F.R. § 1003.2(c)(3)(ii)

carves out an exception to the time limitation to permit an applicant to apply or reapply

for asylum or withholding of deportation based on evidence of changed country

conditions if such evidence is material and was not previously available.  Petitioners

submitted evidence which they maintain satisfied this standard.  The BIA disagreed and

held that petitioners' motion to reopen was time-barred.  We cannot conclude that the

BIA abused its discretion in reaching this conclusion.

In *INS v. Abudu*, 485 U.S. 94 (1988), the Supreme Court set forth three bases on

which the BIA may deny a motion to reopen:

> First, it may hold that the movant has not established a prima facie case for
> the underlying substantive relief sought. . . . Second, the BIA may hold that
> the movant has not introduced previously unavailable, material evidence,
> or, in an asylum application case, that the movant has not reasonably
> explained his failure to apply for asylum initially. . . . Third, in cases in
> which the ultimate grant of relief is discretionary (asylum, suspension of
> deportation, and adjustment of status, but not withholding of deportation),
> the BIA may leap ahead, as it were, over the two threshold concerns (prima
> facie case and new evidence/reasonable explanation), and simply determine
> that even if they were met, the movant would not be entitled to the
> discretionary grant of relief.

*Id.* at 104-05.  Here, the BIA held that not all of the evidence presented was previously

unavailable; that none of it was material; and that it did not demonstrate that petitioners

themselves were more likely than not to be tortured, were at an individualized risk of

persecution, or that there was a pattern and practice of persecution against Christians in

Indonesia.  (J.A. 36.)  While a significant portion of the evidence does postdate

4

petitioners' original removal proceedings, we agree that it does not support a claim that petitioners themselves will likely be subject to torture with the government's acquiescence upon their return to Indonesia. Therefore, this additional evidence is not material to petitioners' claim and does not make out a prima facie case for CAT relief.[1] To the extent petitioners intended to invoke a withholding of removal claim pursuant to INA § 241(b)(3)(A), we conclude that substantial evidence supports the BIA's determination that the evidence they sought to submit demonstrated neither that they were likely to be singled out for future persecution nor that there is a pattern or practice of persecution against Christians in Indonesia.[2]

Petitioners seem to argue that because this evidence was "new" it was by definition "material." (Petitioners' Br. 12.) Petitioners also claim that the BIA failed to evaluate

_____

[1] For relief under the CAT, an applicant must prove that it is more likely than not that he would be tortured if removed to his country of origin. *See* 8 C.F.R. § 1208.16(c)(2). "Torture is an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment or punishment that do not amount to torture." 8 C.F.R. § 1208.18(a)(2). To satisfy the requirements of the CAT, the act in question must be done by or with the acquiescence of a public official. *See* 8 C.F.R. § 1208.18(a)(1); *see also Zubeda v. Ashcroft*, 333 F. 3d 463, 472 (3d Cir. 2003).

[2] To be entitled to withholding of removal to a specific country, an applicant must prove that it is more likely than not that his "life or freedom would be threatened in that country because of [his] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(a). The applicant can satisfy this standard either by demonstrating past persecution or a likelihood of future persecution. *See* 8 C.F.R. § 1208.16(b). An applicant need not show that he would be singled out for persecution in the future if he can demonstrate "that in that country there is a pattern or practice of persecution of a group of persons similarly situated to the applicant" and the applicant is a member of such a group. *See* 8 C.F.R. § 1208.16(b)(2).

whether the "new" evidence demonstrated a prima facie entitlement to relief.

(Petitioners' Br. 13-22.) While petitioners may disagree with the outcome of the BIA's decision, there is no basis in the record for their assertion that the BIA failed to evaluate this claim.[3] (J.A. 36-37.)

With respect to their ineffectiveness claims, petitioners argued in their motion to reopen that their first attorney, Ms. Phipps, who represented them before the IJ, failed to present sufficient evidence of their religious affiliation. (J.A. 62-63.) The BIA held that petitioners were not prejudiced by any such failure, as their religious affiliation was not in question and therefore any such evidence would not have affected the underlying proceedings. (J.A. 37.) Petitioners also maintained that Ms. Phipps sought voluntary departure on their behalf against their wishes and failed to advise them of their duty to depart. (J.A. 65-66.) The BIA held that, in waiting over two years before pursuing this claim, petitioners failed to exercise due diligence. (J.A. 38.) Additionally, the BIA noted that any error by counsel was cured by both the IJ's warning and the BIA's written notice in its December 2005 order. (J.A. 37.) At the conclusion of their removal proceedings, the IJ explained at length the process of voluntary departure and the implications for

---

[3] To the extent petitioners argue that the evidence submitted in support of their motion to reopen demonstrated a prima facie entitlement to asylum, we do not address it here. In their original removal proceedings, the IJ held that petitioners' asylum claim was time-barred and the BIA affirmed. Petitioners failed to seek review of the BIA determination at that time and, in any event, we lack jurisdiction to review such a decision. See 8 U.S.C. § 1158(a)(3); *Tarrawally v. Ashcroft*, 338 F.3d 180, 185 (3d Cir. 2003).

6

failing to voluntarily depart. (J.A. 731-35.) Petitioners do not explain why they waited until 2007 to raise their concerns regarding the IJ's grant of voluntary departure. Additionally, we find their reliance on *Rranci v. Attorney General*, 540 F.3d 165 (3d Cir. 2008), to be unavailing. In *Rranci*, petitioner was a witness for the United States government whose life was threatened by the person against whom he testified. *See id.* at 168. We held that, in recommending voluntary departure, petitioner's counsel may have erred in light of the seriousness of the threats petitioner received and the overall consistency and plausibility of his story. *See id.* at 175. These facts are not in any way analogous to petitioners' situation. Furthermore, as the Attorney General notes, had petitioners voluntarily departed, they would not be subject to the time bars on re-entry associated with removal and could have awaited adjudication of their various petitions and applied for readmission at a later time. *See Dada v. Mukasey*, __ U.S. __, 128 S. Ct. 2307, 2314 (2008).

Petitioners also allege that they were prejudiced by the failure of their second attorney, Mr. Masucci, to file an appeal brief. (J.A. 63-64.) However, they did not specify in their motion to reopen what he would have argued to the BIA that might have affected the outcome of their appeal. Notably, the BIA did not dismiss their appeal for failure to file a brief. (J.A. 452.) Thus, the BIA held that petitioners did not suffer

prejudice as a result of Mr. Masucci's failure to file an appeal brief.[4] (J.A. 37.) We agree with the BIA's disposition of petitioners' ineffective assistance of counsel claims.

Finally, petitioners claim for the first time in their petition for review that the IJ was biased and predisposed against them. As this claim has not been exhausted, we lack jurisdiction to review it. *See Bonhometre v. Gonzales*, 414 F.3d 442, 447 (3d Cir. 2005).

Based on the foregoing, we will deny in part and dismiss in part the petition for review.

---

[4] The BIA also addressed whether Mr. Masucci was ineffective for failing to file an I-360 petition for a special immigrant religious worker. Before filing their motion to reopen, petitioners initiated the process of obtaining such a classification. (A.R. 134-37.) In denying their motion to reopen, the BIA held that petitioners failed to demonstrate a reasonable probability that relief would have been granted had he done so, as the petition would have been filed while the appeal was pending and petitioners would not necessarily have been able to demonstrate that a visa was available at that time. (A.R. 38.) Because petitioners failed to voluntarily depart within the required time frame, the BIA explained that they are no longer eligible for an adjustment of status. *See* 8 U.S.C. § 1229c(d)(1)(B). As the Attorney General notes, petitioners have not addressed this claim in their appeal brief. Accordingly, we deem it waived. *See Lie v. Ashcroft*, 396 F.3d 530, 532 n.1 (3d Cir. 2005).